IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Eric A. Rieb, # 289509 | ) | Civil Action No. 1:09-cv-2642-RMG |
| | ) | |
| Petitioner, | ) | **ORDER** |
| v. | ) | |
| | ) | |
| Robert M. Stevenson, III, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, who is presently incarcerated in the Broad River Correctional Institution of the South Carolina Department of Corrections, brought this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 29, 2010, this Court issued an Order granting Respondent's motion for summary judgment and entering judgment for Respondent. (Dkt. Nos. 42 and 43). Subsequently, Petitioner filed motions for a stay (Dkt. No. 45), for reconsideration (Dkt. No. 47), and for an evidentiary hearing (Dkt. No. 82). The Court issued an Order denying these motions on April 25, 2011. (Dkt. No. 84). Petitioner then filed a motion for preliminary injunction. (Dkt. No. 87). After the Court issued an Order denying Petitioner's motion for preliminary injunction (Dkt. No. 88), Petitioner filed a motion for reconsideration of the Court's Order. (Dkt. No. 90). The Court then issued an Order denying Petitioner's motion for reconsideration. (Dkt. No. 95). On June 27, 2011, Petitioner filed an untimely notice of appeal to the Fourth Circuit Court of Appeals. (Dkt. No. 91). On November 16, 2011, the Fourth Circuit Court of Appeals dismissed the appeal in an unpublished per curiam opinion. (Dkt. No. 108). Finally, on March 20, 2012, Petitioner filed a motion entitled "Motion of Intent to Move for Relief From Judgment." (Dkt. No. 110). This motion is currently before the Court.

1

In his motion, Petitioner asserts that he is requesting relief pursuant to Federal Rule of Civil Procedure 60(b)(1). Rule 60(b)(1) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect.

FED. R. CIV. P. 60(b)(1). Petitioner argues that this Court's "final adjudication in the Petitioner's federal writ of habeas corpus was 'clearly erroneous' because it was based on an error of law." (Dkt. No. 110 at 1). Petitioner argues that, in granting Respondent's motion for summary judgment, the Court incorrectly relied on what Petitioner asserts is an outdated Fourth Circuit decision, *Bryant v. State of Maryland*, 848 F.2d 492 (4th Cir. 1988).[1] (*Id.* at 6). Petitioner also argues that the Court's decision was clearly erroneous because it failed to consider the decision of the Fourth Circuit in *Winston v. Kelly*, 592 F.3d 535 (4th Cir. 2010). (*Id.*). Further, Petitioner argues that the Court's prior rulings included unreasonable applications of the law. (*Id.* at 5-7).

In its response in opposition to Petitioner's motion, Respondent argues that Petitioner's recent motion should be construed as a successive application for collateral review and that the Court should dismiss the successive application based on lack of jurisdiction. (Dkt. No. 112). The Court agrees. As explained by the Fourth Circuit in *United States v. Winestock*, 340 F.3d 200 (4th Cir. 2003), "district courts must treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" *Id.* at 206. "[N]ew legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence." *Id.* at 207. Here, after reviewing

---

[1] Petitioner is incorrect. *Bryant v. State of Maryland*, 848 F.2d 492 (4th Cir. 1988), remains good law.

2

Petitioner's motion, the Court finds that Petitioner is seeking to continue his collateral attack on his conviction by making arguments which he either made previously or could have made previously. Thus, the Court dismisses Petitioner's motion for lack of jurisdiction. *See Winestock*, 340 F.3d at 207 (providing that, where the Court determines that a Rule 60(b) motion is tantamount to a successive application, the Court "must either dismiss the motion for lack of jurisdiction or transfer it to [the Fourth Circuit] so that [it] may perform [its] gatekeeping function under § 2244(b)(3)").

**AND IT IS SO ORDERED.**

Richard M. Gergel
United States District Judge

April 24, 2012
Charleston, South Carolina

3